## COHEN v. NEW ENGLAND MUT. LIFE INS. CO.

No. 8428.

Circuit Court of Appeals, Seventh Circuit.

Jan. 21, 1944.

Rehearing Denied Feb. 28, 1944.

J. R. Cohler and Maxwell Landis, both of Chicago, Ill., for appellant.

Harry A. Biossat, of Chicago, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Defendant seeks to reverse a judgment for specific performance of a contract to convey certain real estate in Chicago to plaintiff. Following uncompleted prior contractual negotiations between the parties, defendant's Chicago counsel presented to plaintiff an unsigned written contract which plaintiff promptly executed and left with the attorneys to be forwarded to defendant in Boston. On May 26, 1942, defendant returned the agreement fully executed to its Chicago lawyers, who immediately advised plaintiff by telephone of the completed execution and of its intention to deposit the original immediately with the escrow agent and to send a copy to plaintiff.

The agreement provided that defendant would sell and plaintiff would buy the property subject to certain leases, special assessments, taxes and possible easements, for the sum of $85,000, and that the vendor would furnish a guaranty policy as to the title. Payments were to be made in installments and, in the interim, the instrument was to be held in escrow by Hall & Ellis for the mutual benefit of the parties.

After telephoning plaintiff, defendant's attorneys prepared three letters: one to plaintiff, saying that the contract had been delivered to the escrow agent; one to the

escrow agent, enclosing the document, and a third to plaintiff advising it. of these facts. After the letter to plaintiff had been mailed but before the letters to the other parties had left the office, defendant's general counsel in Boston called its Chicago attorneys, saying that defendant had decided that it did not desire to make the transfer unless it could be done in such a way as to prevent prejudice to the tenant and that the matter would be held in abeyance until further notice. Thereupon defendant's counsel advised plaintiff by telephone that they had been in error in writing that the contract had been delivered to Hall & Ellis; that it was being held in the office and would be retained until further notice.

 We think everything preceding execution of the contract on May 26 immaterial. The events transpiring prior to that date consisted merely of continued negotiations between the parties with the intent to secure a final agreement in which the minds of the parties would meet on all of the terms. When plaintiff signed the agreement and left it with defendant's attorneys in Chicago to be forwarded to defendant in Boston for execution, he thereby made a written offer to defendant upon the terms specified therein. "Where both parties sign a written agreement, the first signer necessarily proposes that the writing shall represent the bargain between the parties." 1 Williston on Contracts, Revised Edition 1936, Section 23, p. 46. By signing the instrument and returning it to the Chicago attorneys to be placed in escrow, defendant accepted plaintiff's proposal and assented to all its terms as expressed in the formal executed agreement. Thereby a binding agreement wherein the minds of the parties had fully met came into existence.

True, the document was not taken to the escrow agent but such delivery was not a condition precedent to the binding effect of the executed agreement. It was merely specification of the means by which the contract was to be performed and was material only as it affected the rights and remedies of the parties arising subsequent to execution. The agreement itself provided that the document should be delivered to the escrow agent after it had been executed. The party who retained the executed contract was under obligation to deliver it to the escrow agent. Failure of defendant to do so amounted to a breach to that extent for which it became liable to plaintiff.

This conclusion is supported by the fact that defendant obviously considered both parties to the agreement bound by its terms, for it declared in the letter accompanying the forwarding of the signed contract to its Chicago counsel that it was too late for the parties to raise any question as to elements not included in the contract such as brokerage commissions or a reduction of $5,000 in purchase price.

The judgment is affirmed.